## SUCCESSION OF S. B. DAVIS.

A testamentary executor domiciled out of the State is not entitled to letters without giving security, as is required from dative testamentary executors.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*E. A. Bradford* and *H. H. Strawbridge*, for plaintiff in rule. *F. Preston* and *Purvis & Dugué*, for defendant and appellant.

SPOFFORD, J. *Samuel B. Davis* died at his domicil in Delaware, leaving a last will. The succession was opened in Delaware before the court charged with such matters, and letters testamentary issued to one *Peter A. Brown.*

It does not appear that any property, real or personal, was left by the deceased *Davis* in the State of Louisiana, although it would seem from the statements of the parties to this litigation, that suits have been instituted against one or more citizens of this State, upon certain promissory notes belonging to the succession opened in Delaware.

About a year after letters were issued to *Brown* as executor of the estate in Delaware he filed a petition in the Second District Court of New Orleans, annexing a copy of his letters and of the will as probated in Delaware, and prayed to be recognized as executor of the said will and authorized to act as such.

The following order was thereupon rendered *ex parte:*

"Let the last will and testament of the deceased, of which the accompanying is an authentic copy, be approved, registered and executed, and let the petitioner be recognized as the testamentary executor of the deceased and be authorized to act as such."

Shortly afterwards a motion was filed by the present appellees, praying the court to rescind the foregoing order, on the grounds—

1st. That *Brown* was not testamentary executor as alleged;

2d. That he had not taken an oath or given security as required by law in Louisiana, and that the order was illegal in not requiring him to do so;

3d. That he had failed to comply with the other requisites of the law of Louisiana concerning executors, administrators and successions.

Upon a hearing, the rule was made absolute, and the entire order, as quoted above, was revoked and annulled.

The executor *Brown* has appealed.

The judgment appealed from is partly right and partly wrong.

It is right in rescinding so much of the original order as declares the appellant to be testamentary executor of the will of *Samuel B. Davis*, and authorized to act as such; it is wrong in annulling that portion of the order which admits the will to registry and orders its execution.

The latter order is fully justified by the Articles 1681 and 1682 of the Civil Code; they do not appear to have been repealed by the statute of March 16th, 1842, which is rather supplementary to than subversive of those Articles.

It is, therefore, ordered and decreed, that so much of the judgment appealed from as revokes that portion of the order of 9th December, 1856, which declares that the will of *Samuel B. Davis* be approved, registered and executed,

be avoided and reversed, and the said order reinstated *pro tanto;* and it is further adjudged that, in other respects, the judgment appealed from be affirmed, the costs of this appeal to be borne by the appellees, and those of the District Court by the appellant, defendant in the rule.